IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TANNER RAY HEDRICK,**

        Plaintiff,

v.                                             Civil Action No. 5:22-CV-260
                                                       Judge Bailey

**JOHN/JANE DOES**, CEO ARAMARK
Corporation, **KYLE WOLFE,** Regional
Manager ARAMARK Corporation,
**JOHN/JANE DOES,** Supervisor
ARAMARK Corporation, **BETSY
JIVIDEN,** Commissioner, and **JOHN
ANDERSON,** Superintendent,

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On November 3, 2022, the plaintiff, an inmate incarcerated at Huttonsville Correctional Center in Huttonsville, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.  On January 11, 2023, this Court directed defendants to Answer or otherwise plead.  On February 6, 2023, defendants Anderson and Jividen filed a Motion to Dismiss, along with a memorandum in support of the Motion.  [Docs. 19 & 20].  On February 21, 2023, plaintiff filed a response.  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For

the reasons that follow, the undersigned recommends that the Motion be granted and that this case be dismissed with prejudice.

## II. The Complaint

In his Complaint, plaintiff alleges that on May 3, 2022, he was sent to segregation while incarcerated at Salem Correctional Center; he contends that from May 3, 2022, to May 26, 2022, he did not receive "his medical diet trey" (sic) and that he received a tray that was "deportionize" of cabbage and meatball. [Doc. 1 at 7]. Second, he alleges that he sought relief but that defendant John/Jane Doe failed to investigate the matter. [Id. at 8]. Third, he alleges that defendant Wolfe failed to provide adequate food services and that he did not receive full portions. [Id.]. Fourth and Fifth, he alleges that defendants Jividen and Anderson did not conduct a proper investigation of his Complaints. [Id.].

## III. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." **Republican Party of N.C. v. Martin**, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. **Mylan Labs, Inc. v. Matkari**, 7 F.3d 1130, 1134 (4th Cir. 1993); see also **Martin**, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Bell Atl. Corp. v.**

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted), to one that is "plausible on its face," [*Id*. at 570], rather than merely "conceivable." *Id*. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal*, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

The Plaintiff is proceeding *pro se* and therefore the Court is required to liberally construe plaintiff's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do

so. ***Barnett v. Hargett***, 174 F.3d 1128 (10th Cir. 1999). However, a court may not construct the plaintiff's legal arguments for him. ***Small v. Endicott***, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." ***Beaudett v. City of Hampton***, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. Discussion

In the memorandum in support of the Motion to Dismiss, defendants clarify that the only deviation from plaintiff's "medical diet" was that while he was in segregation he complained of not being served, or being underserved, cabbage and meatballs. [Doc. 20 at 1–2]. Defendants contend that plaintiff complained of a single instance on May 26, 2022. [Id. at 2]. Defendants argue this claim could never rise to the level of an Eight Amendment violation for cruel and unusual punishment. [Id. at 4].

Defendants further argue that plaintiff did not properly grieve his claim and that the case should be dismissed for failure to exhaust administrative remedies. [Id. at 7].

Further, defendants argue the case should be dismissed because they are entitled to qualified immunity. [Id. at 7–8].

Plaintiff's response does not contest the basic interpretation of the allegations offered by defendant, and indeed focuses on the events of May 26, 2022, by including an affidavit swearing that on that day he received a tray which was not marked to indicate it was for a medical diet, that he told the guard this had happened multiple times, and that he filed a grievance in response to this event. *See* [Docs. 24, 24-1].

The undersigned finds that this case should be dismissed as defendants are entitled to qualified immunity. Qualified immunity protects government officials from money damages unless it can be shown "(1) that the official violated a statutory or

constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." ***Ashcroft v. al-Kidd***, 563 U.S. 731, 735 (2011) (quoting ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity applies, courts must, "as a threshold matter, determine whether a constitutional or statutory right was deprived" and "[i]f there was no deprivation of such a right, then a defendant is entitled to qualified immunity and the Court need not inquire further." ***Minor v. Yanero***, 2008 WL 822102, at *3 (N.D. W.Va. Mar. 26, 2008) (Stamp, J.).  "[I]f the constitutional right was sufficiently clear such that an objectively reasonable officer in a defendant's position would have understood his conduct to have violated the right, qualified immunity does not apply. ***Porterfield v. Lott***, 156 F.3d 563, 567 (4th Cir. 1998); ***Pearson v. Callahan***, 555 U.S. 223, 236 (2009)." ***Holley v. Foxx***, No. 17-CV-3140, 2021 WL 3666463, at *11 (D. Md. Aug. 18, 2021).

First, from the facts alleged, there were several instances in which plaintiff received the "standard" food tray served to other prisoners, which compared to his "medical diet" tray had less cabbage and meatballs.  Even if plaintiff could show that defendants violated a statutory or constitutional right by serving him these food trays, he cannot show that the right was "clearly established" at the time of the challenged conduct.  An objectively reasonable officer in defendants' positions would not have understood that serving plaintiff a food tray which contained less cabbage and meatballs would violate his rights. Further, as claims 2 through 5 relate to perceived shortcomings with investigations into the incidents, defendants in those claims likewise could not have reasonably known that their conduct violated a statutory or constitutional right.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the Defendants' Motion to Dismiss [**Doc. 19**] be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE** for failure to state a claim. Further, the undersigned recommends that the pending Motion for Discovery [**Doc. 31**] and Motion to Compel [**Doc. 32**] be **DENIED AS MOOT**.

The parties shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes

the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  April 14, 2023.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE