IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TANNER RAY HEDRICK,**

        Plaintiff,

v.                                       **Civil Action No. 5:22-CV-260**
                                             Judge Bailey

**JOHN/JANE DOES,** CEO ARAMARK
Corporation, **KYLE WOLF,** Regional
Manager ARAMARK Corporation,
**JOHN/JANE DOES,** Supervisor
ARAMARK Corporation, **BETSY JIVIDEN,**
Commissioner, and **JOHN ANDERSON,**
Superintendent,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that defendants' Motion to Dismiss be granted and this case be dismissed with prejudice for failure to state a claim. Moreover, Magistrate Judge Mazzone recommends that the pending Motion for Discovery and Motion to Compel be denied as moot.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of

1

the magistrate judge. *Thomas v. Arn*, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Plaintiff timely filed objections on April 26, 2023. See [Doc. 36].

Plaintiff filed a general objection and asserted eight (8) reasons to "support this objection." See [id. at 1–4]. Plaintiff does not specifically object to any portion of Magistrate Judge Mazzone's Report and Recommendation. Plaintiff instead reiterates what he stated in his Motion for Discovery and in his Motion to Compel. He also requests this Court to "insert the names of Defendent (sic) under Rule 25."

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." *Green v. Rubenstein*, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." *Williams v. New York State Div. of Parole*, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or

recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." **Id.**; see also Fed. R. Civ. P. 72(b); LR PL P 12.

Plaintiff's objections are general and conclusory, refer this Court to previously filed papers and arguments, and do not point this Court to any specific error in Magistrate Judge Mazzone's R&R. Thus, a de novo review is not necessary. Instead, this Court will conduct a clear error review of the R&R. A clear error review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 34**] is **ADOPTED**. Defendants' Motion to Dismiss [**Doc. 19**] is **GRANTED** and plaintiff's case is hereby **DISMISSED WITH PREJUDICE**. Plaintiff's objections [**Doc. 36**] are **OVERRULED**.

Plaintiff's Motion for Discovery [**Doc. 31**] and Motion to Compel [**Doc. 32**] are **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the pro se plaintiff.

**DATED:** April 27, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

3